Samuel Goodsell v. Silence May Seeley, by next friend.

*Exceptions to charge—Compulsion of jury.*

When exceptions are taken indiscriminately to every paragraph of the charge, they will be treated the same as if one general exception had been taken to the whole charge; and if any part of the charge is correct, the exceptions will be overruled.

After the jury had retired they returned into court and informed the judge that they had not agreed, but "stood eleven to one, and divided on $200." He thereupon told them "If that is the only difference, it would be better for the county and the parties on both sides that one or both sides yield so as to come together. It would be unfortunate for all to have a disagreement when the difference is so small." *Held*, to be error.

Error to Macomb. Submitted June 22. Decided Oct. 12.

CASE. Defendant brings error. Reversed.

*Crocker & Hutchins* for plaintiff in error. A suggestion from the court which operates as a constraint upon the jury is error: *Pierce v. Pierce* 38 Mich. 415; *State v. Bybee* 17 Kan. 462; *Slater v. Mead* 53 How. Pr. 57; *Green v. Telfair* 11 id. 260.

*J. B. Eldredge* for defendant in error. Urging the jury to come to an agreement is not error: *Allen v. Woodson* 50 Ga. 53; Thompson Charg. Jury, § 58.

COOLEY, J. The defendant in error, an infant, brought suit against Goodsell, who is a physician, for malpractice in setting her arm. Goodsell had treated the injury as a fracture of the humerus, but after two or three weeks it was discovered that there was a dislocation at the elbow, and another physician was called in, by whom the dislocation was properly treated. There was a fair question on the evidence whether Goodsell had been laboring under any mistake in his treatment; whether the fracture for which he treated the child had not existed in fact, and whether the child had not caused the dislocation by engaging in rough and violent sports while her arm was progressing favorably under the physician's treatment. The jury, however, found against him, and he brings error.

The printed record contains upwards of two hundred pages. Many exceptions are taken, some to the admission or rejection of evidence, but the majority to the instructions given or refused. I find no error in the rulings on evidence. The defendant offered in writing a number of requests for instructions, all of which were refused and the judge gave instructions which he evidently meant should cover the whole case. I think it proper to copy from the bill of exceptions the whole of these instructions, with the exceptions that were taken to them as there set forth:

" The said circuit judge then on his own motion instructed the jury as follows, to-wit :

" There is no question made, in fact it is conceded, that the defendant was a professed and practicing physician and surgeon and that he held himself out to his neighbors and the country round about as a physician and surgeon. As such he undertook to treat the plaintiff when called to attend her, early in October, 1877, for an accident which had befallen her, resulting in an injury to her arm.

" To which opinion and instruction the counsel for the defendant did then and there except.

" The said circuit judge further instructed the said jury :

" And the plaintiff claims in her declaration she was not treated in a careful, skillful and proper manner, but that the doctor's treatment of her was negligent, careless and unskillful, and she claims to have sustained injury by reason of such careless, unskillful and improper treatment, and she seeks to recover of the defendant damages for the injury she has thus sustained; the doctor denies that he has so treated her.

" To which opinion and instruction the counsel for the defendant did then and there except.

" The said circuit judge further instructed the said jury :

" The plaintiff's case must be made out by a fair preponderance of proof, and all I can do to aid you in determining this matter is to give you such few general rules relative to the duties and obligations of the doctor as the law has prescribed, and these being given you, the facts in the light of these legal rules are for you to determine.

" To which opinion and instruction the counsel for the defendant did then and there except.

" The said circuit judge further instructed the said jury :

" 1st. Then there was an implied promise on the part of the doctor that he himself possessed that reasonable degree of learning, skill and experience which is ordinarily possessed by members of the medical profession, and which is ordinarily regarded by the community and by those conversant with the profession as necessary and sufficient to qualify him to engage in the business.

" To which opinion and instruction the counsel for the defendant did then and there except.

" The said circuit judge further instructed the said jury :

" 2d. The doctor undertook and promised impliedly, at least, to use reasonable and ordinary care and diligence and his best judgment in the exertion of his skill and the appli-

cation of his knowledge to accomplish the purpose for which he was employed. In determining what is ordinary skill, regard must be had to the improvements and advanced state of the profession at the time the patient was treated.

"To which opinion and instruction the counsel for the defendant did then and there except.

"The said circuit judge further instructed the said jury:

"If you shall conclude from all the evidence that this defendant did not use ordinary skill, care and diligence, and that damage has resulted to the girl on account of such want of ordinary skill, care and diligence, then you should find for the plaintiff; but if you conclude that the doctor did use ordinary skill, care and diligence in his treatment of the injury, then you should find for the defendant.

"To which opinion and instruction the counsel for the defendant did then and there except.

"The said circuit judge further instructed the said jury:

"And if the injury to the plaintiff resulted from any other cause than the cause alleged in this case, as, for instance, from an accident after defendant's care of the girl ceased, then, of course, the defendant is not liable; or, in other words, if the plaintiff recover, it must be for the cause alleged in the declaration, and not for any other or different cause.

"To which opinion and instruction the counsel for the defendant did then and there except.

"The said circuit judge further instructed the said jury:

"If you shall conclude that the plaintiff is entitled to a verdict, the amount will be such fair and reasonable sum not exceeding $5000, that being the amount claimed in the declaration, as will fairly compensate the plaintiff for her suffering, and the injury done her; and in determining the amount, you will take into account all that has been permitted to go to you by way of evidence. I do not choose to magnify any particular fact, but each and all are for you to consider.

"To which opinion and instruction the counsel for the defendant did then and there except.

"The said circuit judge further instructed the said jury:

"The case is not one to be determined by sympathy or pity for one side or the other.

"To which opinion and instruction the counsel for the defendant did then and there except.

"The said circuit judge further instructed the said jury:

"If the doctor, in his treatment of the girl, exercised reasonable and ordinary care, skill and diligence, he has

done all that the law requires of him; if he has done less than this he is liable for the damages resulting.

"To which opinion and instruction the counsel for the defendant did then and there except."

One has but to glance at the several paragraphs of the instructions as they are here excepted to, to discover that some of them are mere statements of fact, others the statements of principles which no one does or can dispute, while a number are instructions distinctly in the defendant's favor. Yet indiscriminately they are all excepted to, and errors of law are assigned upon them. Thus excepted to they become a part of the printed record from which the defendant in error is to hunt out the faults which he may infer or guess the plaintiff in error will rely upon. The judges also, when they receive such a record, must guess out as best they may what it is in the rulings of the court that is supposed to constitute substantial error. Thus the purpose of the exceptions and assignments of error, which is to bring distinctly to the mind of counsel and court the supposed faults, is wholly defeated. And if the court in charging the jury inadvertently fell into error, this method of indiscriminate objection was well calculated to prevent his making the discovery. The practice is unfair to the trial judge and to the opposing counsel, and imposes unnecessary labor upon the appellate court. I do not think the plaintiff in error is entitled to any further benefit of such exceptions than he would have been from one general exception to the whole charge; and in such a case if any part of the charge is correct the exception fails.

The judge, however, did commit an error subsequent to the charge, of which the plaintiff in error is at liberty to take advantage. The record states that after the jury had been absent for a time they came in and stated "they had not agreed, but stood eleven to one and divided on $200." The judge in reply told them "If that is the only difference it would be better for the county and the parties on both sides that one or both sides yield so as to come together. It would be unfortunate for all to have a disagreement when

the difference is so small," and he asked them to get together if possible.

It is no doubt true that juries often compromise in the way here suggested, and that by "splitting differences," they sometimes return verdicts with which the judgment of no one of them is satisfied.   But this is an abuse.   The law contemplates that they shall, by their discussions, harmonize their views if possible, but not that they shall compromise, divide and yield for the mere purpose of an agreement.   The sentiment or notion which permits this tends to bring jury trial into discredit and to convert it into a lottery.   It was no doubt very desirable to the public and to the parties that the jurors should agree if they could do so without sacrificing what any one of them believed were the just rights of the parties; but not otherwise.

The judgment must be reversed, with costs, and a new trial ordered.   The condition of the record is such that we feel warranted in directing that, in taxing the costs, only one-half the cost of printing the record shall be allowed.

, The other Justices concurred.