## PEOPLE *v.* BENNETT.

122    281
156    4374

1. FORGERY — INFORMATION — TRANSLATION FROM FOREIGN LANGUAGE.
   An information for uttering a forged note which gives a signature thereto in English, while the note was signed in German, should set out that the name was written in German, and give its English equivalent.

2. SAME—AMENDMENT.
   Under the statute of amendments ( 3 Comp. Laws 1897, § 11922 ), an information for uttering a forged note which sets out the signature in English, when in fact the note was signed in German, of which the translation given is incorrect, may be amended to cure the defect.

3. SAME—PROMISSORY NOTE—PROVISION FOR ATTORNEY'S FEES.
   An instrument promising to pay a stated sum, with interest, at a specified date, together with "10 per cent. attorney's fees for collecting same, to be included in any judgment on this note, without relief from valuation or appraisement laws," while not a promissory note, is subject to forgery at the common law; and an information for uttering such a forged instrument is not invalid because it is misnamed therein as a "promissory note."

4. SAME—EVIDENCE.

> On a prosecution for uttering a forged agreement to pay money, admitted to have been signed by the purported makers, but claimed by them to have been altered by respondent before being uttered, it was error to permit the prosecution to go into the question of the consideration for the agreement, and to show respondent's default with respect thereto.

Exceptions before judgment from Allegan; Padgham, J. Submitted October 26, 1899. Decided December 12, 1899.

Erasmus Bennett was convicted of forgery. Reversed.

*Rodgers, McDonald & Minor*, for appellant.

*Charles N. Thew*, Prosecuting Attorney (*Fidus E. Fish*, of counsel), for the people.

MONTGOMERY, J. The respondent was convicted of uttering a forged note signed by 11 residents of Allegan county. The note set out in the information reads as follows:

"$400.00.          DORR, MICH., Sept. 16th, 1897.

"Three years after date, we, or either of us, promise to pay to E. Bennett and Son, or bearer, four hundred dollars ($400.00), for value received, with 8 per cent. interest per annum from date until paid, and 10 per cent. attorney's fees for collecting same, to be included in any judgment on this note, without relief from valuation or appraisement laws. JULIUS REWA. JOHN SNYDER. FRED SNYDER. E. D. BARTZ. JOSEPH GETZEN. F. C. GILBERT. GUST GENTHER. MICHAEL BURCHARDT. JOHN BIEBER. KLEMP RODENHESLER. HENRY STEIN."

But three points are made which require discussion, as the remaining questions are subordinate ones, which will be sufficiently treated in dealing with the three following: (1) Was there a fatal variance between the instrument offered and the one set out? (2) Is the instrument set out a promissory note, within the meaning of the statute defining the instruments which are subject to forgery?

(3) Were the respondent's rights prejudiced by permitting proof of matter irrelevant to the issue, and tending to show that he may have been guilty of another offense, or at least of overreaching, in obtaining the note in question?

1. As appears by the instrument above set out, one Klemp Rodenhesler appears to be one of the signers. The information so charged. The name corresponding to his on the instrument introduced appears to have been written in German. One Clemens Rotenhesler was called as a witness, and shown to have been one of the signers of the note. No proof appears to have been offered that the German name attached to the note would, when properly translated, read as it was set out in the information. The practice was very loose. The information should have set out that the name was written in German, and have given its English equivalent. 9 Enc. Pl. & Prac. 574. Doubtless, under our statute of amendments (3 Comp. Laws 1897, § 11922), the information is in this respect subject to amendment. See *People* v. *Henssler,* 48 Mich. 49. But we refer to it, as the case must go back for retrial.

2. Is the instrument above set out a promissory note? Respondent's counsel contend that it is not, and cite *Cayuga Co. Nat. Bank* v. *Purdy,* 56 Mich. 6; *Second Nat. Bank* v. *Wheeler,* 75 Mich. 546; *Conrad Seipp Brewing Co.* v. *McKittrick,* 86 Mich. 191; *Altman* v. *Rittershofer,* 68 Mich. 287 (13 Am. St. Rep. 341). These cases must be deemed decisive of the question.

It is further contended, as this instrument is not a promissory note, and as the information counts on it as such, the case should be reversed and the respondent discharged. We do not think this result should follow. The instrument set out at length is such a one as is the subject of forgery at common law, and while the punishment is limited by section 11795, 3 Comp. Laws 1897, the information is not invalid by misnaming the instrument. *Harding* v. *State,* 54 Ind. 363; *People* v. *Kemp,* 76 Mich. 410.

3. The theory of the prosecution was that the instru-

ment in question had in fact been signed by the purported makers, but afterwards altered before being uttered. The prosecution was permitted to go into the question of the consideration of the agreement, and to show that other concurrent and similar agreements were given for a stallion, a pedigree, and accounts against farmers amounting to about $400, and offered testimony to show that the respondent had promised to leave the pedigree with one Mr. Bartz, and had failed to do so. It is doubtful whether this question was saved by proper exceptions, but, as the case must go back for a new trial, we think it proper to state that, in our opinion, the dealings between the parties leading up to the giving of the note in question, and any default of respondent in respect of such agreement, should have been excluded, as it was, in effect, putting respondent on trial for another and distinct offense. *People* v. *Pinkerton*, 79 Mich. 110.

The conviction will be set aside, and a new trial ordered.

The other Justices concurred.