PEOPLE *v.* KLISE.

1. CRIMINAL LAW—EVIDENCE—PROOF OF OTHER OFFENSES.
   On the trial of respondent charged with an assault with intent to murder, testimony of the sheriff that respondent told him of making threats and displaying weapons on prior occasions, was inadmissible.

2. SAME—WITNESSES—CROSS-EXAMINATION.
   Where, on the trial, respondent takes the witness stand in his own behalf, he subjects himself to the rules of cross-examination applicable to other witnesses.

Exceptions before judgment from Emmet; Shepherd, J. Submitted February 11, 1909. (Docket No. 147.) Decided April 24, 1909.

Elmer Klise was convicted of an assault with intent to kill and murder.   Reversed.

*W. A. Seegmiller*, for appellant.

*Wade B. Smith*, Prosecuting Attorney, for the people.

MOORE, J.   The respondent was charged with having made an assault with the intent to kill and murder.   He was convicted of an assault with intent to do great bodily harm, less than the crime of murder.   The case is brought here upon exceptions before sentence.

A great many assignments of error are made, but they may properly be divided into two groups; the first relating to the admission of testimony, and the second to the charge of the court.   The people, in presenting their affirmative testimony, called the sheriff, who had an interview with the respondent.   Over objection he was allowed to testify as to occurrences, other than the one involved in this trial, as follows:

"*Q.* What instances did he tell you about in which he had used threats or a display of weapons?

"*Mr. Dunham:* I object to it as not competent, and not related to this transaction in question.

"*The Court:* The objection is overruled.

"*Mr. Dunham:* An exception.

"*A.* He told me of one occasion where he had drawn a gun on either a filer or a sawyer.   It was some employé.   My recollection is that it was a filer.   He spoke at the same time of drawing a knife on somebody up there.   I don't remember the occasion.   He told me that somebody had assaulted him in front of the store the night previous to the night that I was up there.   He said he ought to have killed him.   I think he said it was a man by the name of Perry.   He said he had a perfect right to kill him.   He assaulted him in front of the store, and ought to have done so."

This testimony was clearly inadmissible under the following authorities: *Lightfoot* v. *People*, 16 Mich. 507; *People* v. *Schweitzer*, 23 Mich. 301; *People* v. *Pinkerton*, 79 Mich. 110; *People* v. *Bennett*, 122 Mich. 281;

*People* v. *Henry*, 129 Mich. 100; *People* v. *Peck*, 139 Mich. 680; *People* v. *Collins*, 144 Mich. 121.

The respondent offered himself as a witness. He was cross-examined at great length. Error is assigned as to many parts of this cross-examination. The respondent, having offered himself as a witness, subjected himself to the rules of cross-examination applicable to other witnesses. Some of the cross-examination was within the rule, and some outside of it. Without calling attention to the testimony in detail, it will be sufficient to say that the rule which should be followed in the new trial may be easily gleaned from the opinions in *People* v. *Farrell*, 137 Mich. 127, and *People* v. *Peck*, supra.

The assignments of error relating to the charge of the court do not call for extended discussion. That part of the charge which it is claimed is error relates to references made in the charge to the consideration of the testimony, and the inferences to be drawn from it, some of which we have found was improperly admitted. A similar error is not likely to occur again.

For the reasons stated, the conviction is set aside, and a new trial ordered.

OSTRANDER, HOOKER, McALVAY, and BROOKE, JJ., concurred.