# APRIL TERM, 1911.*

---

## PEOPLE v. KLISE.

1. CRIMINAL LAW—ASSAULT AND BATTERY—INTENT.
   Respondent, charged with assault with intent to kill and murder and convicted of assault and battery, was not prejudiced by the admission in evidence of his statements as to what he would have done if he could, or would thereafter do, to the complaining witness; such testimony bearing on the question of intent, which was determined by the jury in respondent's favor.

2. SAME.
   Testimony relating to a conversation between complaining witness and his employés, not brought to the knowledge of respondent, was properly excluded.

3. SAME—ASSAULT WITH INTENT TO MURDER.
   The court did not err in charging the jury that, if respondent did intend to kill the person assaulted, and that it was necessary for him to do so to protect himself, or that the circumstances appeared to him at the time of the assault to be such as to lead a reasonable man to so believe, and he did reasonably believe that it was necessary to kill or disable him in order to protect himself from death or great bodily harm, the verdict should be not guilty.

Exceptions before sentence from Emmet; Shepherd, J. Submitted April 20, 1911. (Docket No. 122.) Decided May 8, 1911.

Elmer Klise was convicted of assault and battery. Affirmed.

*Wade B. Smith*, Prosecuting Attorney, for the people.

*Gaffney & Miltner*, for respondent.

---

*Continued from Vol. 165.

MOORE, J. The respondent was charged with making an assault with intent to kill and murder. This case was tried before a jury, and resulted in a conviction of an assault with intent to do great bodily harm, less than the crime of murder, and, upon an appeal to the Supreme Court, was reversed and sent back for a new trial. The second trial resulted in a verdict of guilty of assault and battery, and is now before this court upon exceptions before sentence. The case is reported in 156 Mich. 373 (120 N. W. 989).

The exceptions relied upon by appellant may be grouped as follows:

(1) The admission of testimony of what was said by the respondent at the boarding house, about an hour after the assault, as to what he would have done at the time of the assault if he had thought of it or could have done it, and what he would do to the complaining witness if he ever came upon the company's premises again.

(2) The refusal to receive direct evidence of a conversation between the complaining witness and two of his own employés, some time before there had been this encounter between Klise and Keiser.

(3) Permitting the defendant to be cross-examined as to previous occasions upon which he had, under a claim of self-defense, drawn and threatened to use weapons.

(4) Objections to the charge of the court.

1. This testimony was admitted as bearing upon the intent of respondent in doing what he did. We need not decide whether the testimony was competent, for the reason that, as the jury convicted respondent only of the offense of assault and battery, it is clear its admission did no harm.

2. This testimony related wholly to a conversation had some time before the occurrence which is now the subject of inquiry. It was between the complaining witness and his employés. The respondent was not present. The offer of this testimony was not accompanied by any offer to show that it was brought to the knowledge of the respondent, nor is it claimed it was brought to his attention. Its exclusion was not error.

3. The record does not show that any objection was made to the reception of this testimony, or that any exception was taken thereto.

4. We quote from the brief of counsel:

"We submit that the court should have instructed the jury as follows:

"'The question is not to be determined by what you believe the actual facts to have been, but what you believe from the evidence appeared to respondent at the time.'"

Again:

"Therefore the learned circuit judge erred when he said:

"'If you find that the defendant did intend to kill or disable the complaining witness, and you further find that it was necessary for him to do so in order to protect himself from losing his own life or from great bodily injury, or that the circumstances appeared to the defendant at the time of the assault to be such as would lead a reasonable man to believe, and did lead the defendant to believe reasonably, that it was necessary to kill or disable the complaining witness in order to protect himself from losing his life or from great bodily injury, then your verdict should be not guilty.'"

If what counsel has quoted from the charge is read in the connection in which it was given, it will be very clear that respondent has no occasion to complain of the charge as given.

The conviction is affirmed, and the judge is directed to proceed to sentence.

McALVAY, BROOKE, BLAIR, and STONE, JJ., concurred.