PEOPLE *v.* NEELY.

1. CRIMINAL LAW—EVIDENCE—CROSS-EXAMINATION.
   Error was not made to appear, in a prosecution for aiding and abetting the crime of rape, where the trial court excluded a question on cross-examination, but the same ground was substantially covered by a subsequent question and answer.

2. SAME—RAPE—EVIDENCE OF INTENT.
   Although evidence of prior offenses committed by a respondent is, as a rule, inadmissible, it was not incompetent to show that the respondent, at whose home the crime of statutory rape had been committed upon a girl of 13 years of age, was informed by her of the fact, and two days later connived at a similar offense between the same parties; as testimony concerning the first crime bore upon respondent's intent.[1]

3. SAME—HUSBAND AND WIFE—DECLARATIONS OF HUSBAND.
   The court properly ruled that acts done by respondent's husband, in respondent's presence, were presumed not to be done with the wife's consent, and rightly permitted the introduction of evidence that the wife pushed the girl into a bedroom and at the same time the husband pushed said third person, who had committed the previous offense, into the room, saying, "There's the bed. Stay as long as you want to."

[1] Evidence of other crimes in criminal case, see note in 62 L. R. A. 194.

4. SAME—APPEAL AND ERROR—CORRECTION OF RECORD.
    On error, a correction of the record made by affidavit of the stenographer and accompanied by the judge's certificate of its correctness, and upon notice to appellant, who made no objection to the amendment, will be treated as proper.

5. SAME—HARMLESS ERROR.
    A question was not improperly excluded, when the reply would have covered the same ground previously covered by the witness.

Error to Livingston; Miner, J. Submitted April 18, 1912. (Docket No. 128.) Decided July 11, 1912.

Emma Neely was convicted of aiding and abetting the crime of statutory rape. Affirmed.

*William E. Robb,* Prosecuting Attorney, for the people.

*Glenn C. Yelland* and *Judd Yelland,* for respondent.

McALVAY, J. Respondent was prosecuted and convicted in the circuit court for Livingston county for aiding and abetting one Arthur Phillips in the commission of the crime of rape upon Eva Leahy, a female child of the age of 13 years. After such conviction and sentence, respondent sought to be discharged upon a writ of habeas corpus before this court on account of the claimed invalidity of her sentence. The writ was denied, and respondent remanded to the trial court for resentence. She was afterwards duly sentenced, and now brings the case to this court upon a writ of error. The case is of such a character that extended details of the facts involved may properly be omitted.

This girl and a brother 11 years old were permitted by the mother, who went out to work, to remain at the house of respondent for two weeks or more, at respondent's request, the girl to assist her on Mondays and go to school the rest of the week. During this period, on Sunday evening, April 2d, before the offense for which she was prosecuted was committed, which is claimed to

have occurred on April 5th following, Arthur Phillips and his brother, respondent and her husband, and the girl, Eva Leahy, and her brother, 11 years old, were all together at respondent's house, and spent the evening playing cards and dominoes, until 3 o'clock in the morning. In the morning, about half past 7, and after breakfast, Arthur Phillips followed her into a bedroom and had intercourse with her. The girl during the same forenoon related the details of this offense to the respondent, who told her not to cry about that, as it amounted to nothing, that she did it with other men, and her husband with other women. On Wednesday evening following, Phillips was again at the Neely home, and all of the above-mentioned persons were present, except his brother. After he came, they had supper, and passed the evening playing cards and drinking hard cider. About 11 o'clock, while they were looking at postcards which were strung on both sides of the door of the girl's bedroom, Phillips mentioned that he had better go home, and the Neelys told him not to be in a hurry. Respondent then pushed the girl into the room and her husband pushed Phillips into the room, saying to him: " There's the bed. Stay as long as you want to." And the girl's testimony is that the door to her room was closed and locked. Phillips remained in the room with the girl about one hour, when he went away. During this time Phillips again had intercourse with her.

For the commission of this crime that evening, Wednesday, April 5, 1911, Phillips was tried and convicted, and respondent was prosecuted and convicted for aiding and abetting Phillips in its commission.

The foregoing is a very brief statement of the facts which the prosecution claims were proved upon the trial of the respondent, upon which Phillips, who had absconded to Minnesota and was brought back for his trial, was a very material witness on the part of the people. The issues of fact raised in the case by the evidence on the part of the respondent were submitted to and passed upon by a jury.

Many errors are assigned upon the part of the respond-ent. Those discussed and relied upon by counsel for re-spondent are considered in four groups. (1) It is claimed that the court erred in not permitting cross-examination of the girl's mother, who had testified concerning a com-plaint the daughter had made to her about the offense, to show that such complaint referred to the offense com-mitted Monday morning, which respondent is not charged to have aided and abetted; (2) that the court erred in al-lowing evidence of what occurred at the house of respond-ent on Sunday night and Monday morning, which was not connected with the offense charged in this case; (3) that it was error to permit any evidence relative to the first offense to be introduced; (4) that the argument of the prosecutor was prejudicial to respondent, and the court erred in certain portions of the charge given. The fore-going errors assigned and relied on by respondent will be considered in the order they are presented by her counsel.

*First.* We think that counsel for respondent is in er-ror in claiming that the cross-examination referred to was not allowed. The record shows the following:

" *Q.* Before you went to Howell to make complaint, did your daughter make any complaint to you of what had happened last Wednesday night in the Neely home ?
" *Mr. Robb, Prosecutor:* I object to that.
"*A.* Well, I don't know, how can I. (Objection sus-tained. Exception taken on the part of defendant.)
" *Q.* Before you went to Howell—I would like to have you answer this by 'yes' or 'no'—before you went to Howell to see the prosecuting attorney, or some other at-torney, had your daughter made any complaint to you that she had been pushed into any room ?
"*A.* I don't know anything about it, but I do not think she did."

It will be seen from this excerpt from the testimony that the question in substance was repeated without ob-jection and the answer given. No other question upon the subject was asked by counsel for respondent of this witness. No error was committed by the trial court.

The *second* and *third* groups of errors assigned may be considered together. They refer to the matter of the allowance of evidence of what occurred Sunday night and Monday morning, not connected with the offense charged. This includes, not only the first offense committed by Phillips, but also the evidence of what occurred at the Neely home during the same time. As to the matter of who was present, and how they occupied their time during Sunday evening and night, the larger portion of the testimony in the case is quoted in respondent's brief in the discussion of these propositions. We think the evidence was material as bearing upon the circumstances and surroundings, the relations of these parties at that time, and the kind of a place this in fact was, as bearing upon the probability of the occurrences which followed. Strenuous objection on the part of the respondent is made to that portion of this testimony given by the man Phillips and the girl relative to the offense committed Monday morning; and also the testimony of the girl relative to her claimed statement of these occurrences to the respondent during Monday forenoon. The rule is well established that in criminal prosecutions evidence of the commission of a previous crime is not admissible. The exception to this rule is that previous like offenses of a certain character between the same parties may be shown. In the instant case it is not charged or claimed that respondent was present and aided and abetted in the commission of the first offense. It is claimed, however, that she had knowledge that this offense had been committed by the complaint made to her by the girl of its details, which we have not deemed proper to spread upon this opinion. This evidence was admissible to show her knowledge of the fact that the offense had been committed, and to bear upon the question of her intent in pushing the girl into the bedroom with the man Phillips. The character of her answer to the complaint made by the girl would have a bearing upon the probability as to whether respondent committed the offense charged. In our opinion this case

in this respect is distinguishable from the cases cited and relied upon by the respondent. The evidence objected to was offered to show the relations of these parties, including respondent, and also as bearing upon her intent at the time of the commission of the offense with which she is charged. The authorities cited by counsel for respondent do not, in our opinion, cover the question involved in the instant case, nor is our attention called to any authority involving the same question. Our opinion is that, for the reasons stated, the evidence was admissible and material, and the court was not in error in allowing it.

One other matter is involved under this same head, and that is the ruling of the court during the admission of this objectionable testimony. This occurred during the testimony of Phillips, when he was allowed to testify as to what the husband of respondent said relative to the bed when he pushed Phillips into the bedroom. This record has been corrected by a certificate of the trial judge and the affidavit of the court reporter, who took the testimony upon the trial. The printed record omitted the word "not." The ruling of the court upon the objection made by counsel for respondent as corrected reads:

"*The Court:* I think I will let it stand, but anything done by the husband is presumed not to be done with the consent of the wife, but I will let it stand to explain the circumstances that were happening there, for the purpose of showing whether the wife, the defendant here; if you should find she pushed Eva Leahy there, you may determine that from facts and surroundings what she pushed her in there for."

No objection having been made to this correction of the record by counsel for respondent, who were notified of the same, we presume that it is accepted and the question requires no discussion.

*Fourth.* We have examined the argument of the prosecuting attorney upon which respondent has assigned error, and do not find that it contains statements of a character which this court has frequently held is so prej-

udicial that it amounts to reversible error. It is general in its character, and, although somewhat heated, it does not contain an appeal to the individual juror's prejudices or passions. The first objection made to the charge of the court refers to that portion where the court speaks of the offense committed on Monday morning. We do not think that this charge warrants the construction given to it by respondent, who claims that proof of this was received as substantive proof of the offense charged against respondent. The court distinctly says in the same paragraph of his charge that it was allowed to show the relations between the parties. Further objection is made to the charge in the paragraph where the court mentioned the matter as to whether the bedroom door was locked. Our reading of this paragraph upon that matter satisfies us that it was not misleading, and the charge was in accord with the evidence in the case. The contention was not that the door was locked when they went in there, but, after they went into the bedroom, there is evidence to show that the girl in trying to get out found it locked.

The charge of the court in this, as in other cases, must be read as a whole, and, so reading it in connection with the paragraphs excepted to, we do not find that it was prejudicial or misleading.

Another claim of error relates to the cross-examination of respondent's husband upon what he testified to in another case, claiming that the court would not allow counsel for respondent to explain his correction of former testimony. From the record we find that there is no merit in this contention. The examination upon this matter extended over several pages of the record and the witness testified:

"* * * On the other trial last week I did not understand the question. I afterwards fully corrected that. I testified substantially at that time what I have testified to here. I afterwards on that trial testified substantially the same as I have testified in this case."

This covers the entire objection made by counsel for re-

spondent who claims that he was not allowed to show that fact, and the ruling of the court refusing to allow the question asked later, an answer to which would have been a repetition of the above testimony, was not prejudicial or erroneous. None of the other matters discussed require consideration. We find no reversible error in the case.

The conviction is affirmed.

Moore, C. J., and Steere, Stone, and Ostrander, JJ., concurred. Brooke and Bird, JJ., did not sit. Blair, J., took no part in this decision.