WM. H. WHITE & McCULLOCH LUMBER COMPANY, Respondent, v. JOHN WEICHERS, E. H. Wadewitz, R. A. Spenser, and A. H. Wadewitz, Individually and as Copartners, Doing Business under the Name and Style of John Weichers Farming Company, Appellants.

(196 N. W. 98.)

**Partnership — evidence held to support verdict against partnership for goods sold and delivered.**

1. In an action to recover from a partnership upon an account for lumber sold, where the issue is presented whether the lumber was sold upon the credit of the partnership or upon an individual account and responsibility, and where the evidence of a stranger to the proceedings, a retail merchant, was received to the effect that he had extended credit to the partnership but had charged upon his books some goods sold to an individual account and that he never had any knowledge of any change in the partnership relation, it is held, for reasons stated in the opinion,—

That the evidence in the record was sufficient to support the verdict of the jury in favor of a partnership liability.

**Evidence — collateral transaction with defendant held inadmissible.**

2. That the evidence of the retail merchant was inadmissible and irrelevant and its admission constituted prejudicial error.

Opinion filed November 2, 1923.    Rehearing denied December 8, 1923.

Appeal and Error, 4 C. J. § 2953 p. 972 n. 70.   Evidence, 22 C. J. § 832 p. 742 n. 21; § 839 p. 750 n. 80.   Partnership, 30 Cyc. pp. 591 n. 21; 593 n. 27.

In District Court, Cass County, *Cole,* J.

Action to recover against a partnership upon an account for lumber sold.

From a judgment in plaintiff's favor and from an order denying judgment non obstante or, in the alternative, for a new trial, defendants have appealed.

Reversed and new trial granted.

*Divet, Holt, Frame & Thorpe (Simmons, Walker & Wratten,* of Counsel), for appellants.

*Chas. A. & Chas. M. Pollock,* for respondent.

## Statement.

BRONSON, Ch. J.   Plaintiff seeks to recover upon an account for lumber sold against a partnership.   The defense is that the lumber was sold to one of the partners, individually, upon his personal account and liability.   In the record there is evidence to the following effect: The four defendants formerly lived in Racine, Wisconsin.   As a partnership they purchased a section of land near Gardner, North Dakota, in 1914, for the purpose of farming the same. _ The partnership was known as the John Weichers Farming Company.   Defendant A. H. Wadewitz was sent by this partnership to farm the land.   Prior to 1919 he had authority for the partnership to purchase necessary material in the construction of improvements upon the land.   The plaintiff, a corporation, operated a local lumber yard at Gardner.   It sold lumber to this partnership and received payment therefor from the partnership.   In the accounts maintained by this lumber yard materials and lumber that were intended or designed for improvements upon the land were charged to this farming company.   Fuel and personal merchandise were charged to defendant Wadewitz personally.   In 1920, and to a lesser extent in 1921, plaintiff delivered lumber upon this land involved through orders made by the defendant Wadewitz.   The lumber so delivered was used principally in the improvement and repair of buildings upon this land.

Plaintiff's local agent at Gardner testified to the general effect that defendant Wadewitz placed an order for the lumber and that he, being a new agent at this point, called up the head office of the plaintiff and was directed to extend the credit.   The agent delivered the lumber and entered a charge therefor on the books of plaintiff in the name of defendant A. H. Wadewitz.

Defendant Wadewitz testified to the general effect that the original partnership between the defendants was dissolved in 1919 ; that he purchased this land upon a contract from the partnership and farmed the land under such contract in 1919 and 1920, running the farm during such time upon his individual account; that he gave notice when he purchased this lumber to the plaintiff concerning the dissolution. of this partnership; that he purchased this lumber upon his individual account and was individually liable therefor.   On the contrary, evi-

dence on the part of plaintiff was offered to the general effect that plaintiff received no notice of the dissolution of the partnership and extended this credit to the partnership pursuant to the understanding theretofore had and that, by inadvertence, plaintiff's agent entered the charge upon plaintiff's ledger against defendant Wadewitz personally.

During the course of the trial a local retail merchant at Gardner, N. D. was called by plaintiff as a witness. Generally, he testified that defendant Wadewitz had been one of his customers; that he extended credit to this Weichers Farming Company. In particular he testified that in the beginning they charged goods to this Farming Company and later on to defendant Wadewitz; that the reason why he made the change was because defendant Wadewitz had a shorter name and it was easier to write; further, that he never knew of any change in the partnership relation. Defendant duly objected to the introduction of this particular evidence. The jury returned a verdict in plaintiff's favor. Defendants subsequently moved for judgment non obstante or, in the alternative, for a new trial. The trial court denied this motion. Defendants have appealed from the judgment and the order denying defendants' motion. Defendants contend that the evidence is insufficient to justify the verdict returned against the partnership. In particular, defendants maintain that the trial court erred in receiving the above mentioned evidence by the retail merchant.

## Decision.

It is unnecessary to discuss at length the particular facts in the record concerning the existence of the partnership and the evidence concerning its dissolution and notice, or absence of notice thereof, to plaintiff. We are of the opinion, upon the record, that a question of fact was presented whether the lumber furnished by plaintiff was sold to defendant Wadewitz upon his personal account and liability or upon the personal credit and responsibility of the partnership; also, whether any notice of dissolution of partnership was ever communicated to plaintiff. There is sufficient evidence in the record to support the findings of the jury. However, we are of the opinion that the trial court erred in receiving the particularly mentioned evidence of the retail merchant. This evidence was inadmissible and irrelevant. There was

no connection between the acts and conduct of this stranger and the issues existing between the parties, as disclosed by this evidence, which had any tendency to establish plaintiff's cause of action. See 22 C. J. 742, 750; Linn v. Gilman, 46 Mich. 628, 10 N. W. 46. Under the circumstances, this evidence may have materially influenced the jury in rendering its verdict. In our opinion its reception constituted prejudicial error. Accordingly, the judgment and the order of the trial court must be reversed and a new trial granted. It is so ordered. Costs to abide event of new trial.

NUESSLE, JOHNSON, CHRISTIANSON, and BIRDZELL, JJ., concur.