## PEOPLE *v.* LEWIS.

1. EMBEZZLEMENT—CRIMINAL LAW—STATUTES.
   Offense of embezzlement in Michigan is covered by statute (3 Comp. Laws 1929, §§ 12160, 16911, 16914, 16932, 16980, 16981, 17274).

2. INDICTMENT AND INFORMATION—ELECTION OF COUNTS—EMBEZZLEMENT—CRIMINAL LAW.
   Where information charged embezzlement, felonious abstraction, fraudulent misapplication, and fraudulent misappropriation of funds in separate counts, but growing out of same transaction, and covered by same testimony, there was no error in refusing to compel election between counts.

3. CRIMINAL LAW—EVIDENCE—OTHER OFFENSES.

In prosecution for embezzlement, it was error for prosecuting attorney, in his opening statement, to charge defendant with forgery, and for trial court to receive proof thereof, since, if committed, it related to separate and distinct offense.

4. SAME—RIGHT OF JUDGE TO COMMENT—JURY TRIAL.

Statute giving trial judge right to comment on testimony and character of witnesses is not to be construed so as to deprive defendant of constitutional trial by jury, to enable judge to deprive defendant of fair trial, or to permit judge to usurp functions of jury, or to direct verdict upon disputed questions of fact (3 Comp. Laws 1929, § 17322).

5. SAME—CROSS-EXAMINATION—COMMENT BY JUDGE.

Where witness for people was being cross-examined as to his receipt of $1,000, for purpose of showing possible corrupt conduct as bearing upon his credibility, trial judge should not have interrupted and said that witness had been truthful, honest, and fair in his statements, since his honesty, truthfulness, and fairness were questions for jury.

6. SAME—CONSPIRACY—EVIDENCE.

In criminal case, as bearing on subject of conspiracy, all acts and facts upon which any reasonable presumption of truth or falsity of charge made in information could be founded are admissible, but, unless as admissions or confessions, or given for purpose of explanation or qualification, proof of subsequent acts and statements are not admissible.

7. SAME—STATEMENTS OF CO-CONSPIRATORS—HEARSAY.

When there is conspiracy, when persons are engaged in common enterprise, and there is mutual agency, evidence of statements of one conspirator may be introduced against other conspirators, but without existence of conspiracy—existence of agency—testimony otherwise hearsay is not admissible.

8. SAME—EVIDENCE—WHEN STATEMENTS OF CO-CONSPIRATORS BEFORE OR AFTER OFFENSE NOT ADMISSIBLE.

What was said or done by one of alleged conspirators before conspiracy was formed or after its object was attained and its work fully completed, not in presence or hearing of others and not brought to their knowledge and ratified by them, is not admissible against them, because basic element of joint agency does not exist.

9. SAME—RES GESTÆ.

Res gestæ in conspiracy cases is limited to period during which parties are engaged in unlawful enterprise.

10. SAME—ACTS OF DEFENDANT—CONCEALING GUILT.

In prosecution for embezzlement, evidence of acts or conduct of defendant such as fabrication of false statement to exculpate him, attempts to mislead prosecution, conceal defendant's guilt, suppress testimony, procure perjured testimony, or of acts indicating alleged co-conspirators were devising means to avoid exposure was admissible.

11. SAME—CHARGE OF CONSPIRACY IN OPENING STATEMENT.

There was no error in opening statement of prosecuting attorney in stating offenses charged in information were committed by defendant by reason of conspiracy entered into by him with other persons prior to date of alleged commission of offenses.

12. SAME—COMMENTS OF JUDGE.

In prosecution of secretary-treasurer of savings and loan association for embezzlement, where president had testified as to custom of company, and that records were subsequently made, trial court should not have said that directors or officers, after money was unlawfully taken, could not make minutes whereby they cover up acts of directors or officers, since said comment assumed unlawful taking of money, which was principal question in issue.

13. SAME—REQUESTS TO CHARGE—GOOD CHARACTER.

Where defendant submitted proof of good character, and proffered appropriate request to charge in relation thereto, trial court was in error in refusing said request and in giving charge which did not conform to well-settled legal rules.

Appeal from Genesee; Black (Edward D.), J. Submitted April 13, 1933. (Docket No. 123, Calendar No. 35,926.) Decided June 29, 1933.

J. Clyde Lewis was convicted of embezzlement. Reversed.

*Edward N. Barnard,* for appellant.

*Patrick H. O'Brien,* Attorney General, *Andrew J. Transue,* Prosecuting Attorney, and *Philip Elliott,* Assistant Prosecuting Attorney, for the people.

POTTER, J. Defendant, convicted of embezzlement, appeals. The information filed contains four counts charging him with, 1. embezzlement; 2. felonious abstraction; 3. fraudulent misapplication; and 4. fraudulent misappropriation; of $12,480.52, from the Cooperative Savings & Loan Association of Flint, of which he was secretary-treasurer, director, and agent.

(1) The offense of embezzlement has been much discussed. *Taylor* v. *Kneeland,* 1 Doug. 67; *People* v. *McKinney,* 10 Mich. 54; *People* v. *Butts,* 128 Mich. 208; 20 C. J. p. 409; 9 R. C. L. p. 1264. In this State it was, at the time the offenses charged are alleged to have been committed, covered by statutes. 3 Comp. Laws 1929, §§ 16911, 16914, 16932, 16980, 12160, 16981, 17274.

(2) The information filed charged different offenses, in separate counts, growing out of the same transaction, covered by the same testimony. There was no error in the trial court refusing to compel an election between counts. *People* v. *Sweeney,* 55 Mich. 586; *People* v. *McDowell,* 63 Mich. 229; *People* v. *Prague,* 72 Mich. 178; *People* v. *Summers,* 115 Mich. 537; *People* v. *Durham,* 170 Mich. 598; *People* v. *Warner,* 201 Mich. 547; *People* v. *Hatfield,* 234 Mich. 574.

(3) The prosecuting attorney, in his opening statement, charged defendant was guilty of forgery. On the trial he offered proof of it. The forgery, if any existed, which is, under the testimony, doubtful, related to a separate and distinct transaction.

The proof offered was proof to establish a separate and distinct offense. The prosecuting attorney was in error in making reference thereto in his opening statement to the jury. The trial court was in error in receiving proof of such forgery. *People* v. *Jenness,* 5 Mich. 305; *Lightfoot* v. *People,* 16 Mich. 507; *People* v. *Schweitzer,* 23 Mich. 301; *People* v. *Pinkerton,* 79 Mich. 110; *People* v. *Betts,* 94 Mich. 642; *People* v. *Bennett,* 122 Mich. 281; *People* v. *Ascher,* 126 Mich. 637; *People* v. *Peck,* 139 Mich. 680; *People* v. *Collins,* 144 Mich. 121; *People* v. *Klise,* 156 Mich. 373; *People* v. *Neely,* 171 Mich. 249; *People* v. *Rice,* 206 Mich. 644; *People* v. *Wheaton,* 207 Mich. 173; *People* v. *Rajona,* 208 Mich. 633.

(4) The right of the trial court to comment upon the testimony and character of witnesses is given by statute. 3 Comp. Laws 1929, § 17322. The statute is not to be construed to deprive defendant of a trial by jury, to which he is constitutionally entitled; to enable the trial court to deprive defendant of a fair trial; to permit the trial court to usurp the functions of the jury or to direct a verdict upon disputed questions of fact. *People* v. *Lyons,* 49 Mich. 78; *People* v. *Hare,* 57 Mich. 505; *Hicks* v. *United States,* 2 Okla. Crim. 626 (103 Pac. 873); *Roberson* v. *State,* 40 Fla. 509 (24 South. 474); *People* v. *Faczewski,* 242 Mich. 523; *People* v. *Kasem,* 230 Mich. 278; *People* v. *Lintz,* 244 Mich. 603.

(5) One Clampert, a witness for the people, was asked, on cross-examination, about his receipt of $1,000 in connection with the sale of the Citizens Building & Loan Association of Saginaw to the Cooperative Savings & Loan Association of Flint. He testified he got the money from the undivided profits of the Saginaw company. It was developed he received the money from the Cooperative Sav-

ings & Loan Association of Flint while he was an officer of the Saginaw company. He was subject to rigid cross-examination to show his interest and possible prior corrupt conduct as bearing upon his credibility. The trial court interrupted and said:

"I can say the witness has been truthful, honest, and fair in his answers here, and there is no reason for making that statement on the record."

Defendant had a right to show the truth, if possible, by the witness' cross-examination; the source from which he received the $1,000; whether it was in payment of an honest claim, or a colorable settlement of a fictitious claim to cover the consideration he received from the purchasing company for selling out the company with which he was connected; and the trial judge ought not to have vouched for his truthfulness, fairness, and honesty. His honesty, truthfulness, and fairness were questions for the jury.

(6) It is claimed the trial court erred in receiving evidence and charging the jury on the subject of conspiracy.

a. All acts and facts upon which any reasonable presumption of the truth or falsity of the charge made in the information could be founded were admissible. Unless as admissions or confessions or given for the purpose of explanation or qualification, proof of subsequent acts and statements of a party are not admissible. *Dillin* v. *People,* 8 Mich. 357. There must be some known and ordinary connection between the facts proposed to be shown and the ultimate facts to be proven, and the former must have some logical tendency to prove the latter. *Linn* v. *Gilman,* 46 Mich. 628.

b. Hearsay testimony, evidence of what someone else said, is not proof of the truth of what is claimed to have been said. The essential right of cross-examination is absent. When there is a conspiracy—when persons are engaged in a common enterprise—and there is mutual agency, evidence of statements of one conspirator may be introduced against other conspirators. Without the existence of a conspiracy—the existence of agency—testimony otherwise hearsay is not admissible. *People v. Fritch,* 170 Mich. 258; *People v. Lay,* 193 Mich. 476; *People v. Salsbury,* 134 Mich. 537; *People v. Pitcher,* 15 Mich. 397; *People v. Mol,* 137 Mich. 692 (68 L. R. A. 871, 4 Ann. Cas. 960).

c. What was said or done by one of the alleged conspirators before the conspiracy was formed or after its object was attained and its work fully completed, not in the presence or hearing of the others and not brought to their knowledge and ratified by them, is not admissible against them (*People v. Parker,* 67 Mich. 222 [11 Am. St. Rep. 578]) for the reason the basic element of joint agency does not exist. They are statements made before the conception or after the completion of the offense, to which defendant is not a party and by which he may not be bound. *People v. Butts, supra.*

d. The *res gestæ* in such cases is limited to the period during which the parties are engaged in the unlawful enterprise. *People v. Woods,* 206 Mich. 11; *People v. Lay, supra; Hamilton v. Smith,* 39 Mich. 222; *People v. Pitcher, supra.*

e. Evidence of acts or conduct of defendant such as the fabrication of a false statement to exculpate him, attempts to mislead the prosecution, conceal defendant's guilt, suppress testimony, procure perjured testimony, or of acts indicating alleged co-con-

spirators were devising means to avoid exposure was admissible. *People* v. *Arnold,* 43 Mich. 303 (38 Am. Rep. 182); *People* v. *Salsbury, supra; People* v. *Mol, supra.*

f. There was no error in the opening statement of the prosecuting attorney to the jury in stating the offenses charged in the information were committed by defendant by reason of a conspiracy entered into by defendant with other persons, prior to the date of the alleged commission of the offenses. *Hamilton* v. *Smith, supra; People* v. *McGarry,* 136 Mich. 316.

(7) Frank E. Burgess was president of the Co-operative Savings & Loan Association of Flint. He testified to the custom of the company and to its practices, and that records were subsequently made. The trial court said:

"The directors or officers, after this money was unlawfully taken out, can't make minutes whereby they cover up the acts of the directors or officers of the company."

This comment assumed the unlawful taking of the money, the principal question in issue, and ought not to have been made.

(8) Defendant offered proof of good general reputation for truth, veracity, honesty, integrity, and as a peaceable law-abiding citizen, to establish good character. He proffered an appropriate request to charge, which was refused by the trial court. The rule as to good character, the manner of proving it, and its effect, has been many times considered. The charge given did not conform to the well-settled legal rules. *People* v. *Garbutt,* 17 Mich. 9, 26 (97 Am. Dec. 162); *Lenox* v. *Fuller,* 39 Mich. 268; *In re Thayer's Estate,* 188 Mich. 261; *People* v.

*Woods, supra;* 10 R. C. L. p. 954.   The charge as given, and the failure to give defendant's request to charge on good character, was error.   Other errors are assigned; they are not likely to arise on a new trial.

Conviction reversed.   New trial granted.

MCDONALD, C. J., and CLARK, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.