PEOPLE *v.* MONROE.

CRIMINAL LAW—MURDER—JURYS OF MEN AND WOMEN PROPERLY
ALLOWED TO SEPARATE FOR NIGHT AND RETURN IN MORNING.
  Where, in a prosecution for murder, the jury was com-
  posed of nine men and three women, the trial judge was
  not in error, under Act No. 385, Pub. Acts 1919 (Comp.
  Laws Supp. 1922, § 12621), in permitting the jurors at
  midnight to separate and go to their homes and return
  in the morning.

Error to Cass; Warner (Glenn E.), J. Submitted
June 16, 1927. (Docket No. 99.) Decided July 29,
1927.

William Monroe was convicted of murder in the
first degree, and sentenced to imprisonment for life
in the State prison at Jackson. Affirmed.

*U. S. Eby,* for appellant.

*William W. Potter,* Attorney General, and *Jack L.
Pollock,* Prosecuting Attorney, for the people.

WIEST, J. Defendant was convicted of murder in
the first degree, and sentenced to imprisonment for
life, and prosecutes review by writ of error.

The jury, before whom he was tried, was comprised
of nine men and three women. The trial judge sub-
mitted the case to the jury about 3 o'clock in the after-
noon, and at midnight permitted the jurors to separate
and go to their homes to return the next morning at
half-past 8 o'clock. The jurors duly appeared the
next morning, retired again to consider the case, and
returned a verdict of guilty. It is urged, as the sole
ground for reversal, that the court was in error in

Criminal Law, 16 C. J. § 2532.

permitting the jury to so separate.    No misconduct on the part of any juror or prejudice in fact is alleged.

There was a time in this State when the jury impaneled in a trial for murder was required at all stages of the trial to be sequestered.    3 Comp. Laws 1897, § 11960.    Act No. 4, Pub. Acts 1909 (3 Comp. Laws 1915, § 15833), however, made it discretionary with the court to keep the jury sequestered before retiring to consider their verdict or permit the jurors to separate.    When women became eligible to jury service, the need of separation, in case of protracted deliberation at night, was recognized, and the legislature enacted the following statute:

"In courts of record, the court, or the judge thereof, may, after jurors retire to consider their verdict, permit the jurors to separate temporarily whenever in his judgment such a separation is deemed proper: *Provided*, That in cases where separation of the members of a jury is now forbidden by law, the authority hereby granted shall not extend to permitting separation of the members of the jury of the same sex."    Act No. 385, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 12621).

The members of the jury not being of the same sex, the statute permitted the trial judge to allow them to separate temporarily.    There was no error.

Affirmed.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, CLARK, and MCDONALD, JJ., concurred.