PEOPLE *v.* AZUKAUCKAS.

1. SEARCHES AND SEIZURES—INTOXICATING LIQUORS—QUESTION OF IMMUNITY OF HOME NOT RAISED BY HOUSEHOLDER MAY NOT BE RAISED BY GUESTS.

In a prosecution for violating the prohibition law, self-styled guests in a home, who are charged with possessing, furnishing, and selling the liquor found on the premises, may not question the validity of the search warrant, where

¹Criminal Law, 16 C. J. § 1110.

the householder, who caused the arrest of defendants, made no objection thereto.

2. INTOXICATING LIQUORS—POSSESSING, FURNISHING AND SELLING. Where the evidence shows that defendants carried intoxicating liquor to the place of delivery and delivered it as per agreement, they were guilty of possessing, furnishing, and selling, although they had not yet received their pay therefor when arrested.

3. CRIMINAL LAW—SEPARATION OF JURY PERMISSIBLE WHERE COMPOSED OF MEN AND WOMEN. Under Act No. 385, Pub. Acts 1919, a jury composed of men and women were properly allowed to separate for the night, and reassemble the following morning.

4. SAME — TRIAL — INSTRUCTIONS NOT OBJECTIONABLE AS ARGUMENTATIVE. Although the charge of the court pointed out, in more than usual detail, the method of determining facts, it was not therefor open to the objection that it was argumentative and prejudicial.

Exceptions before judgment from Ionia; Hawley (Royal A.), J.   Submitted October 13, 1927.   (Docket No. 130.)   Decided December 1, 1927.

Anna Azukauckas and Maggie Wachaskas were convicted of violating the liquor law.   Affirmed.

*F. Roland Allaben* (*Dunham & Cholette*, of counsel), for appellants.

*William W. Potter*, Attorney General, and *Harry H. Gemuend*, Prosecuting Attorney, for the people.

WIEST, J.   Convicted of possessing, furnishing, and selling intoxicating liquor, defendants review on exceptions before sentence.   According to testimony in the case defendants were Frank Balon's "bootleggers" at a fixed price of $5 per gallon for "moonshine whisky."   Balon planned a Saturday evening party

[2]Intoxicating Liquors, 33 C. J. §§ 210, 505, 510; [3]Criminal Law, 16 C. J. § 2532; [4]Id., 16 C. J. § 2476.

at his home and arranged with defendants to furnish him with five gallons of "moonshine." The evening of the party defendants were at Balon's home with seven gallons of "moonshine" which they turned over to him at the price of $5 per gallon, but had not received their pay when officers of the law appeared at the party. Under search warrant officers visited the home of Frank Balon the night of the party, found the "moonshine" and arrested Balon. The next day defendants appeared and endeavored to get their pay for the "moonshine." Balon made complaint against defendants and they were arrested on the charge of possessing, furnishing, and selling "moonshine."

At their examination, and again in the circuit, defendants moved to suppress the evidence obtained under the search warrant on the grounds that the affidavit for the warrant did not set up cause for searching Balon's home, nor did the warrant set up the essentials of the affidavit upon which it was issued, and, as they were guests of Balon, the immunity accorded his home extended to them as his guests. We are not impressed with the point. Balon, the householder and claimed host, does not make any such claim. The protection accorded homes may well be left to the householder to assert and we can see no good reason for letting the "guests" raise the question of immunity, at least in a case where the householder caused the arrest of his self-styled "guests."

Defendants took the "moonshine" to Balon's home about 6 o'clock in the evening, turned it over to him, and he placed most of it in his barn. The officers with the search warrant appeared at Balon's home about 10 o'clock the same night. Defendants claimed they ought not to have been convicted on the three counts charging them with possession, selling, and furnishing intoxicating liquor. Under the evidence they were guilty of having the liquor in their possession when

they carried it to Balon's home; were guilty of furnishing Balon with the liquor, and none the less so in selling it to him. The fact that Balon did not pay for the liquor at the time did not make the transaction less than a sale because he had ordered it and was to pay for it.

After the jury received the case, and late at night, the court permitted the jurors to separate until the next morning. The jury was composed of men and women. Defendants claimed this was error; their counsel citing 16 R. C. L. p. 305. There was no error. Act No. 385, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 12621), permits a separation under such circumstances. See, also, *People* v. *Monroe,* 240 Mich. 44.

It is also claimed the charge of the court was argumentative and prejudicial. The charge pointed out, in more than usual detail, the method of determining facts, but was neither argumentative nor prejudicial.

The morning the jury reassembled, after permitted separation, the court, upon request from the jury, gave some further instruction, at the close of which the court asked: "Are there any other suggestions by counsel?" Counsel for defendants stated: "No, excepting it is their duty to find the respondents guilty beyond a reasonable doubt of each and every element that constitutes these various offenses, perhaps the court has already covered it." The court had.

We find no error. Convictions affirmed, and judgments advised.

SHARPE, C. J., and BIRD, FLANNIGAN, FELLOWS, CLARK, and MCDONALD, JJ., concurred.

The late Justice SNOW took no part in this decision.