PEOPLE *v.* NICK.

1. NEW TRIAL—DISCRETION OF COURT.

   Generally, the granting or denying of a new trial is a matter within the discretion of the trial court and the action taken in that respect should not be disturbed on appeal unless it appears that such discretion has been improperly exercised, since the judge who presided at the trial and observed occurrences in the courtroom and elsewhere was in a better position to determine the probability of any conduct on the part of the jurors or others prejudicial to the rights of the defendant than is the Supreme Court.

2. CRIMINAL LAW—SEPARATION OF JURY—DISCRETION OF JUDGE.

   A jury composed of men and women were properly permitted to recess from time to time and go to their respective homes at night, the matter of separation resting in the discretion of the trial judge in prosecution for statutory rape (CLS 1956, § 750.520; CL 1948, § 768.16).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error § 981.
[2, 3] 53 Am Jur, Trial §§ 867, 868.
   Separation of jury in criminal case.  21 ALR2d 1088.
[4, 12, 13] 53 Am Jur, Trial § 907.
   Communications between jurors and others as ground for new trial or reversal in criminal case.  22 ALR 254, 34 ALR 103, 62 ALR 1466.
[5] 3 Am Jur, Appeal and Error § 1050.
[6] 53 Am Jur, Trial § 1105.
   Admissibility of testimony or affidavits of members of jury to show communications or other improper acts of third person.  90 ALR 249, 146 ALR 514.
[7] 53 Am Jur, Trial § 875.
[8] 3 Am Jur, Appeal and Error § 956.
[9, 10] 39 Am Jur, New Trial § 70.
[11] 39 Am Jur, New Trial § 79.
[14] 39 Am Jur, New Trial §§ 13, 131, 201.
[15] 39 Am Jur, New Trial §§ 26, 139.
[16] 53 Am Jur, Trial § 848.

3. SAME—JURY—CONTACT WITH OTHERS.

Complaint that 3 of the men jurors in a prosecution for statutory rape were seen together during a recess of the court smoking in an alley adjacent to the rear door of the courthouse *held*, without merit, where there is no claim any strangers were with them or that they conversed with others with reference to the case, or otherwise, and it appears such jurors avoided mingling with others in the corridor of the building through which they had passed.

4. SAME—JURY—REMARK OF UNIDENTIFIED PERSON.

Remark of an unidentified person that defendant, charged with statutory rape, was as guilty as the defendant in another case, made within earshot of women jurors, *held*, not to have required that a new trial be granted, where trial judge had admonished jury to decide the case on what had occurred in the courtroom, he expressed confidence in the jurors, and it does not definitely appear the remark was heard or that, if heard, any attention was paid to it (CLS 1956, § 750.520).

5. SAME—NEW TRIAL—PREJUDICE.

Error must appear affirmatively in order to justify the granting of a new trial because of remarks made to or in the hearing of jurors participating in the trial of a criminal case, it being necessary to show prejudice occurred from what was said or done.

6. SAME—MISCONDUCT OF JURORS—AFFIDAVITS—EVIDENCE.

Jurors may not impeach their verdict by their subsequent affidavits or testimony showing misconduct.

7. SAME—JURY—PREJUDICE—OPPORTUNITY.

Mere opportunity for prejudice or corruption of a jury in a criminal prosecution is insufficient to raise a presumption that they exist.

8. SAME—PREJUDICE—ALLEGED ERRORS.

Alleged errors in the conduct of the trial in a prosecution for crime will not be reviewed unless the facts connected therewith so appear in the record that the court can see the accused has been prejudiced.

9. SAME—MISCONDUCT OF JURY—IMPARTIALITY—NEW TRIAL.

Misconduct of the jury warranting a new trial in a criminal prosecution must be such as to show substantial harm has resulted by affecting the impartiality of the jury or disqualifying the jurors from exercising the powers of reason and judgment.

10. NEW TRIAL—MISCONDUCT OF JURY—REBUKE FROM COURT.
    A new trial will not be granted for misconduct of the jury if no substantial harm was done thereby to the party seeking a new trial, even though the misconduct is such as to merit rebuke from the trial court if brought to its notice.

11. CRIMINAL LAW—RAPE—NEW TRIAL—MISCONDUCT OF JURY.
    Denial of defendant's motion for new trial in prosecution for statutory rape, because of alleged misconduct of jury and remarks of a stranger within hearing of some jurors, *held,* not to have constituted reversible error, where there was no claim anyone other than the jurors was permitted in the jury room during their deliberations, there was no interference with the right of privacy and freedom of discussion among the jurors, and improper remark of the stranger was not shown to have been given consideration or heard (CLS 1956, § 750.520).

12. SAME—RAPE—MISCONDUCT OF JURY—DISCUSSION WITH OTHERS.
    Conclusion of trial judge that there had been no misconduct with respect to jurors in prosecution for statutory rape *held,* not shown by affidavits filed to have been incorrect, where jurors were eventually seated at lunch table by themselves at the request of the trial judge, and no claim made that anyone actually discussed any matter of fact with any juror although there is a mere possibility that such might have occurred (CLS 1956, § 750.520).

13. SAME—RAPE—MISCONDUCT OF JURY.
    Fact that a stranger approached 2 of the women jurors in prosecution for statutory rape and asked them if the jury had reached a verdict, received a negative reply and further statement that the case was still under consideration and discussion by the jurors, and no opinion appears to have been expressed by the stranger nor further conversation had, *held,* not to have resulted prejudicially to defendant (CLS 1956, § 750.520).

14. SAME—NEW TRIAL—DISCRETION OF COURT—STATUTES.
    A motion for a new trial in a prosecution for crime is an appeal to the sound discretion of the court and is a right conferred by statute (CL 1948, § 770.1).

15. SAME—NEW TRIAL—FAIR TRIAL—GREAT WEIGHT OF EVIDENCE.
    A motion for a new trial in a criminal case is based on the claim that defendant has not had that fair and impartial trial guaranteed to him by the Constitution, or that the verdict is against the great weight of the evidence.

16. Same—Rape—Fair Trial—Laughter of Jurors—Record.

Claim that defendant, charged with statutory rape, did not have a fair trial by reason of alleged laughter on part of a juror when counsel for defendant in argument made some reference to her father, and alleged laughter by another juror while a witness was testifying, *held*, unjustified by record presented, where record fails to show statements causing laughter, if such there was, and trial judge stated he was not aware of any laughter of such character as to cause him to notice it (CLS 1956, § 750.520).

Appeal from Oakland; Adams (Clark J.), J. Submitted January 14, 1960. (Docket No. 64, Calendar No. 48,207.) Decided June 7, 1960.

Peter Nick was convicted of statutory rape. Affirmed.

*Paul L. Adams,* Attorney General, *Samuel J. Torina,* Solicitor General, *Frederick C. Ziem,* Prosecuting Attorney, *George F. Taylor* and *Robert L. Templin,* Assistant Prosecuting Attorneys, for the people.

*Anbender & Anbender (Meyer Weisenfeld,* of counsel), for defendant.

Carr, J. Following a jury trial defendant was convicted in the circuit court of Oakland county of the crime of statutory rape.* He was placed on probation by the trial judge for a period of 2 years under the supervision of the probation officer of the court, and, in addition to the usual conditions imposed under the statute, was required to pay costs in the sum of $500. On leave granted he has appealed from the conviction and from the denial of a motion for a new trial.

There is no claim that error occurred during the course of the proceeding prior to the submission of

* CLS 1956, § 750.520 (Stat Ann 1954 Rev § 28.788).—Reporter.

the case to the jury. In consequence, we do not have any record of the proceedings insofar as the introduction of testimony, arguments of counsel, and the charge of the trial judge are concerned. Following the return of the verdict counsel for defendant moved in open court for a mistrial, asserting as the grounds thereof that the jurors had been permitted to separate during the course of their deliberations, that there were opportunities for them to be contacted by others, that one of the jurors was guilty of improper conduct during the trial because she had laughed at certain testimony and also had not disclosed the fact, on examination of the prospective jurors in the case, that she was the daughter of a practicing attorney in the city of Detroit, and that the members of the jury during a recess for the purpose of obtaining their lunch had come in contact with various people. The motion was denied, the trial judge in his opinion referring to the specific matters asserted and concluding that there had been no misconduct on the part of members of the jury. Specific reference was also made to the fact that the members of the jury on being permitted to separate had been admonished not to discuss the case with anyone while separated, and that their decision must rest entirely on the basis of the evidence in the case and what had transpired in the courtroom during the course of the trial.

Subsequently motion for a new trial was filed on behalf of defendant, reasserting the matters relied on in the previous motion and claiming that communications to members of the jury had been permitted, or at least made possible, that comments unfavorable to defendant had been made in the presence, or within the hearing, of members of the jury, and that defendant had been prejudiced by the conduct of members of the jury and of third persons. Such motion was supported by affidavits, including

that of the attorney conducting the defense on the trial in which was set forth various matters some of which he had observed and others as to which he had been advised. Answer to the motion was filed on behalf of the people, and the trial judge, in a written opinion filed by him in which the various grounds of the motion were discussed at some length, indicated his conclusion that there were "no improper influences brought to bear upon the jury."

On behalf of appellant it is contended by his counsel that the trial judge should have interrogated the jurors as to whether there had been any conversation and communication between themselves and strangers, and that the failure to do so constituted error prejudicial to defendant. Obviously the judge in weighing the arguments made before him, and the various matters alleged in the motion for a new trial, did not consider that it would be proper procedure for him under the circumstances to question the jurors with reference to their deliberations or to permit counsel for defendant to do so in an attempt to impeach the verdict returned.

The judge presiding throughout the trial and observing the occurrences in the courtroom and elsewhere was in a better position to determine the probability of any conduct on the part of jurors or others prejudicial to the rights of the defendant than is this Court. Generally speaking, the granting or denying of a new trial in any case is a matter within the discretion of the trial court, and the action taken in that respect should not be disturbed on appeal unless it appears that such discretion has been improperly exercised. It may be noted also in the instant case that the claims set forth in the motion for a new trial, and the affidavits filed in support thereof, do not indicate that any juror was actually prejudiced as a result of a casual conversation with persons not on the jury. In the final analysis counsel for appellant

are relying on the assertion that prejudice might have occurred, and that members of the jury should have been questioned for the purpose of ascertaining if such was the actual fact. As indicated, the trial judge in the exercise of his discretionary authority declined to accept the suggestion of counsel that the jurors should be questioned with reference to the various matters set forth in the motion for a mistrial. With reference to the proper function of the court in passing on a motion of the character here in question attention is called to *Hoskin-Morainville Paper Co.* v. *Bates Valve Bag Corp.*, 268 Mich 443, and prior decisions cited therein.

. Taking up the principal questions raised on the appeal we consider first the claim that the jurors should not have been permitted to separate during the course of their deliberations. It appears that the jury was composed of both men and women. Under the circumstances, the deliberation being somewhat prolonged, it was quite proper to permit them to recess from time to time and to go to their respective homes at night. CL 1948, § 768.16 (Stat Ann 1954 Rev § 28.1039). What was done in the instant case rested in the discretion of the trial judge to permit. *People* v. *Monroe*, 240 Mich 44; *People* v. *Azukauckas*, 241 Mich 182.

Complaint is also made that 3 of the men jurors were seen together during a recess of the court smoking in an alley adjacent to the rear door of the courthouse. No claim is made that there were any strangers with them or that they conversed with others with reference to the case, or otherwise. As the trial judge pointed out in his opinion, it was necessary for the jurors to pass through the corridors of the building to reach the restrooms. It does not appear that there was anything improper in what the 3 jurors referred to were doing. At most, they were shown to be standing by themselves and avoiding mingling

with others in the corridors of the building. We find no merit in this objection.

Perhaps the most serious question in the case arises from the claim of appellant that, while 3 of the women jurors were in a corridor of the courthouse during a recess, a woman, not identified by name, was heard to make a remark concerning the case and the guilt of the defendant. Such claim is set forth in 2 affidavits filed in support of the motion for a new trial. The affiants are not fully in accord as to the exact language, but in substance the claim is that the party in question expressed the opinion that defendant Nick was as guilty as the defendant in another case, inferentially where a conviction was had, and that the jury could not be fooled as to the defendant's being guilty. One of the affidavits asserted that the statement was made in a voice loud enough for the women jurors in question to hear, and further asserted, obviously as a matter of conclusion, that the jurors did hear it. The other affidavit merely recited that the remark was in the presence of the jurors. Neither affiant stated any facts tending to show that the jurors in question paid any attention to the person making the statement, that they indicated in any way that they had heard it, or that they were affected thereby assuming that they actually did hear the remark. Neither is there anything to indicate that the party making the statement knew of the presence of women jurors. In view of the fact that the members of the jury had been specifically admonished by the trial judge with reference to permitting themselves to be influenced improperly, and the necessity of deciding the case on what occurred in the courtroom during the trial, it may be assumed that, if they heard the statement at all, they did not permit themselves to be influenced thereby. The trial judge expressed his confidence in the jurors, and obviously did not find that prejudice had resulted to the de-

fendant from the making of a chance remark by a stranger, particularly in the absence of any showing that such remark was actually heard, and given attention or consideration, by the jurors in question.

In a case of this nature it has been repeatedly recognized by this Court that to justify the granting of a new trial "error must appear affirmatively." *People* v. *Whittemore,* 230 Mich 435. Prejudice must be shown, or facts clearly establishing the inference that it occurred from what was said or done. A mere possibility is not sufficient. In *People* v. *Mullane,* 256 Mich 54, defendants were charged with the crime of kidnapping. Following conviction a motion for a new trial was made and denied. In support of said motion an attorney representing the defendants made affidavit that while the jury was deliberating he saw officers, presumably police officers, assembled around a cold air register in a corridor of the courthouse, that they were discussing the defendants in the case, and that after the rendition of the verdict affiant discovered that what was said by the officers could have been heard in the jury room. As in the case at bar, there was no showing that statements by the officers were actually heard by the jurors, or any of them, nor was there any showing that the cold air register in question was not closed. Calling attention (p 60) to the general rule that "A motion for a new trial is an appeal to the sound discretion of the court," this Court affirmed the conviction, thereby upholding the action of the trial court in denying defendants' motion.

In *People* v. *Pizzino,* 313 Mich 97, defendant Pizzino was convicted of second-degree murder. His motion for a new trial was denied, and he appealed. Among other issues raised was the claim, set forth in an affidavit filed in support of the motion for a new trial, that the deputy sheriff in charge of the jury had said in a voice loud enough to be heard by sev-

eral of the jurors that if he "were on the jury it would only take him 5 minutes to convict the defend-ants." Commenting thereon it was said by Chief Justice STARR, who wrote the unanimous opinion of the Court affirming the conviction, that (p 108):

· "Defendant Pizzino claims that this remark by the officer constituted reversible error, but there is no claim or showing that it influenced any member of the jury who heard it. The remark was highly improper, but in the absence of a showing that defendant was prejudiced thereby, it did not constitute sufficient ground for granting a new trial."

The Court further pointed out the established rule that jurors may not impeach their verdict by subsequent affidavits showing misconduct. Presumably a like rule should be applied to testimony of jurors having such effect. Significant in this respect is the language of Mr. Justice Holmes in *Holt* v. *United States*, 218 US 245 (31 S Ct 2, 54 L ed 1021). In affirming a conviction for the crime of murder committed on a military reservation of the United States, it was said, in part (pp 250, 251):

"We will take up in this connection another matter not excepted to but made one of the grounds for demanding a new trial, and also some of its alleged consequences, because they also involve the question how far the jury lawfully may be trusted to do their duty, when the judge is satisfied that they are worthy of the trust. The jurymen were allowed to separate during the trial, always being cautioned by the judge to refrain from talking about the case with anyone and to avoid receiving any impression as to the merits except from the proceedings in court. The counsel for the prisoner filed his own affidavit that members of the jury had stated to him that they had read the Seattle daily papers with articles on the case while the trial was going on. He set forth articles contained in those papers, and moved for a new

trial. The court refused to receive counter affidavits, but, assuming in favor of the prisoner that the jurors had read the articles, he denied the motion. This court could not make that assumption if the result would be to order a new trial, but the probability that jurors, if allowed to separate, will see something of the public prints is so obvious, that for the purpose of passing on the permission to separate it may be assumed that they did so in this case.

"We are dealing with a motion for a new trial, the denial of which cannot be treated as more than matter of discretion or as ground for reversal, except in very plain circumstances indeed. *Mattox* v. *United States,* 146 US 140 (13 S Ct 50, 36 L ed 917). See *Holmgren* v. *United States,* 217 US 509 (30 S Ct 588, 54 L ed 861). It would be hard to say that this case presented a sufficient exception to the general rule. The judge did not reject the affidavit, but decided against the motion on the assumption that more than it ventured to allege was true. As to his exercise of discretion, it is to be remembered that the statutes or decisions of many States expressly allow the separation of the jury even in capital cases. Other States have provided the contrary. The practice has varied, with perhaps a slight present tendency in the more conservative direction. *If the mere opportunity for prejudice or corruption is to raise a presumption that they exist, it will be hard to maintain jury trial under the conditions of the present day. Without intimating that the judge did not go further than we should think desirable on general principles, we do not see in the facts before us any conclusive ground for saying that his expressed belief that the trial was fair and that the prisoner has nothing to complain of is wrong.*" (Emphasis supplied.)

The general rule on the subject is stated in 24 CJS, Criminal Law, § 1788, p 583, as follows:

"Alleged errors in the conduct of the trial will not be reviewed unless the facts connected therewith so

appear in the record that the court can see that accused has been prejudiced."

In support of the statement numerous decisions are cited. Of similar import is the following from 39 Am Jur, New Trial, § 70, p 85:

"However, it is well established that not every instance of misconduct in a juror will require a new trial. The general principle underlying the cases is that the misconduct must be such as to affect the impartiality of the jury or disqualify them from exercising the powers of reason and judgment. A new trial will not be granted for misconduct of the jury if no substantial harm was done thereby to the party seeking a new trial, even though the misconduct is such as to merit rebuke from the trial court if brought to its notice. The rule seems to be that however improper such conduct may have been, if it does not appear that it was occasioned by the prevailing party or by anyone in his behalf, and there is nothing to indicate any improper bias upon the juror's mind, and the court cannot see that it either had, or might have had, an effect unfavorable to the party moving for a new trial, the verdict ought not to be set aside. Trivial acts of misconduct on the part of a juror during the course of a trial do not require that the verdict be set aside. The misconduct must be such as to reasonably indicate that a fair and impartial trial was not had, or to render it reasonably doubtful whether the verdict was legitimately procured."

The proposition that a verdict in a criminal case should not be upset because of alleged misconduct on the part of members of the jury unless "substantial harm" has resulted was recognized by Justice Cardozo in the prevailing opinion in *Snyder* v. *Massachusetts*, 291 US 97, 118 (54 S Ct 330, 78 L ed 674, 90 ALR 575). Unquestionably such is the general rule.

Appellant cites and relies on *People* v. *Knapp*, 42 Mich 267 (36 Am Rep 438), and *People* v. *Chambers*,

279 Mich 73. In the *Knapp Case* the officer in charge of the jury remained in the jury room during the deliberations. In discussing the claim of error in this regard this Court, speaking through Mr. Justice COOLEY, pointed out that the presence of the officer in the jury room would have a tendency to prevent the members of the jury from expressing their views freely and without fear of repetition elsewhere. Emphasis was placed on the undesirable consequences that might result from permitting one not a member of the jury to listen to its deliberations. The claim of error was sustained and a new trial granted on the basis of such finding, and of the further finding that error had also resulted from the receipt of certain evidence. In *People* v. *Chambers* the *Knapp Case, supra,* was followed, the Court concluding that it was error for the officer to be in the jury room during the deliberations of the jury and that his presence therein tended to cast suspicion upon the proper administration of justice. In each case it is obvious that the members of the jury in the presence of the officer might naturally have felt a restraint, a circumstance that would tend to interfere with proper consideration of the case. Neither of these decisions may be regarded as authority supporting the claim of the appellant in the case at bar.

There is no claim here that anyone other than the jurors hearing the case was permitted in the jury room during the deliberations. There was no interference with the right of privacy and freedom of discussion among the jurors. The proper functioning of a jury necessitates that such rights must be safeguarded, and there is no basis for a conclusion that they were not properly observed in the instant case. A conclusion that prejudice to appellant may have resulted because of the improper remark of a stranger, not shown to have been given consideration or even heard, does not justify a conclusion that preju-

dice to defendant may have resulted. The trial judge was not in error in denying a new trial on the ground alleged.

It is suggested on behalf of appellant that because the jurors came in contact with strangers the case might have been discussed and improper remarks made tending to influence the verdict. Emphasis is placed on the lunch at the Elk's Temple at Pontiac, which apparently all the jurors of the panel attended, including those serving on the jury in the instant case. When the court recessed at noon the jurors proceeded to the temple, apparently some of them riding in automobiles. The attorney for defendant advised the trial judge of the situation and thereupon the judge went to the temple, procured a room in which the jurors might have their lunch, and caused the jurors trying defendant to be seated at a table by themselves. No claim is made that anyone actually discussed with any juror in the case any matter of fact connected with it. There is a mere possibility that such might have occurred but there is before us nothing on which to base a conclusion that any improper conduct of such nature prejudicial to defendant actually took place. In his opinion the trial judge discussed the situation at some length, and concluded that there had been no misconduct. He pointed out also that it was necessary for the jurors to obtain their meals elsewhere than in the county building, there being no facilities for serving food therein. We find nothing in the affidavits filed in support of the motion for a new trial to indicate that the conclusion of the trial judge was not correct.

One of the affidavits filed by defendant alleged that a stranger approached 2 of the women jurors in the corridor after court had recessed and inquired if the jury had reached a verdict. One of the jurors replied in the negative, and a further statement was made to the effect that the case was still under con-

sideration and discussion by the jurors. It does not appear that any further conversation with reference to the case was had, or that the party making the inquiry expressed any opinion whatsoever as to any question involved. It is impossible to see that prejudice to defendant could have resulted from the casual inquiry and the reply thereto.

In *Lucas* v. *United States,* 275 F 405, the circuit court of appeals of the eighth circuit had before it a question of similar nature. While the jurors were separated, with permission of the court, one of them told several persons that there was a disagreement. The matter having been called to the attention of the judge presiding at the trial, he admonished the jurors with reference to talking to persons, other than members of the jury, concerning the case. He further explained that he could not at the time discharge the jury because of inability to agree. In reviewing the case the appellate court approved of the separation of the jury under the circumstances and upon court order, and concluded that no prejudice to the accused was shown to have arisen therefrom. The conviction was affirmed, and writ of certiorari was denied by the United States supreme court in 258 US 620 (42 S Ct 272, 66 L ed 795).

The above holding accords with the decision of this Court in *People* v. *Mullane, supra.* There it was claimed that while the members of the jury were eating lunch in the basement of the building in which the trial was held 2 of them sat at a separate table, and that people came up to them, shook hands, and talked with them. There was no showing that the case on trial was discussed. On the situation being called to the attention of the officers in charge of the jury the 2 jurors were brought to the same table at which the others were seated. The following statement by the Court (p 60) in affirming the conviction

may well be applied to the situation presented in the case at bar:

"A motion for a new trial is an appeal to the sound discretion of the court. The right thereto is conferred by statute (CL 1929, § 17355*). In a criminal case it is based upon the claim that the defendant has not had that fair and impartial trial guaranteed to him by the Constitution, or that the verdict is against the great weight of the evidence. The evidence in this case strongly supports the verdict rendered, and we find no abuse of discretion on the part of the trial court in denying the motion."

The claim that one of the women jurors indicated prejudice against defendant because she laughed when certain testimony was given, and when counsel for defendant in argument made some reference to her father, is wholly without merit. The record does not show counsel's statement and the laughter, if such there was, might well have indicated merely surprise at the reference. In any event on the record before us there is no showing of prejudice against appellant. A like situation obtains with reference to the alleged action of the juror in laughing while a witness was testifying. The testimony is not before us and we have no way of determining the reason for the juror's amusement. It may be noted in this connection that the trial judge in his opinion stated that he was not aware of any laughter, stating positively that it was not of such character as to cause him to notice it. If new trials can be properly granted because members of the jury smile, or perhaps laugh, at matters that arise during the course of a trial, new trials would be the rule rather than the exception. It is a matter of common knowledge that amusing things may happen from time to time to cause a smile, or perhaps laughter, and that no one

---

* CL 1948, § 770.1 (Stat Ann 1954 Rev § 28.1098).—REPORTER.

is prejudiced thereby. As stated in *People* v. *Whittemore, supra,* error must appear affirmatively in order to justify the granting of such a motion. It is sufficient to say that it does not appear in the instant case. It may not be said on the record before us that appellant did not have a fair trial because of any of the alleged prejudicial errors.

The conviction and sentence are affirmed.

DETHMERS, C. J., and KELLY, SMITH, and EDWARDS, JJ., concurred with CARR, J.

BLACK, J. (*concurring*). Whatever the practice may be in other jurisdictions, our statute commits to judicial discretion the matter of temporary separation of jurors between the time of jury-instruction and that of verdict-rendition (CL 1948, § 768.16 [Stat Ann 1954 Rev § 28.1039]). Thus the ordinary presumption of prejudice, arising from an *unauthorized* dispersion or separation of jurors during the period of deliberation, did not arise in this case.

The incidents related in the opinion of Mr. Justice CARR were unfortunate. They do not, however—considering our general requirement that questions must be raised and saved for review—, constitute reversible error. On this distinctive record of execrable Oakland county trial facilities we should not substitute our distant judgment for that of a trial judge whose knowledge of the necessities of temporary dispersal or separation is better than ours, especially when that judge has certified after record-detailed investigation that "there was no abuse of the jury system in this case, that there were no improper influences brought to bear upon the jury." This is especially so when the real point on which appellant relies, that of alleged duty to interrogate and act upon the results of interrogation, was not brought up in time.

Counsel made no motion, formal or informal, until the verdict of the jury was delivered and recorded. It was then too late for that which he says the trial judge should have done. No juror is subject to interrogation for his delivered and recorded verdict (CL 1948, § 618.41 [Stat Ann § 27.1021]; *Welch* v. *Tribune Publishing Co.*, 83 Mich 661 [11 LRA 233, 21 Am St Rep 629]), which is to say that any attempt to question members of this Nick jury, *after* verdict as suggested by counsel (whether done by the trial judge or anyone else), would constitute a violation of the statute.

I would affirm on ground that counsel failed to move, either for mistrial or for judicial questioning of the jury, while time yet remained for proper ascertainment whether the trial should proceed to verdict or declaration of mistrial. The situation would be otherwise, of course, if counsel had no knowledge, prior to verdict, of the salient facts of which he complains. No such situation appears here, however.

KAVANAGH and SOURIS, JJ., concurred with BLACK, J.