PEOPLE *v.* GRUCA

JURY—ACQUAINTANCE WITH WITNESS—MISTRIAL.

> Refusal to grant a mistrial, based on the ground that a juror, after trial had commenced, informed the court that he knew the father of a *res gestae* witness was not reversible error where an examination of the juror by the court showed that the juror did not become aware of the relationship between the father and the *res gestae* witness until the juror saw the father in the court, the juror stated that he had been casually acquainted with the witness's father, but had not seen him in over three years, and the juror stated that he would render an impartial verdict.

Appeal from Recorder's Court of Detroit, Robert E. DeMascio, J. Submitted Division 1 February 8, 1971, at Detroit. (Docket No. 8338.) Decided March 30, 1971.

Eugene Gruca was convicted of indecent liberties with a male minor and gross indecency. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Fenton, Nederlander, Tracy, Dodge & Barris, P. C.,* for defendant.

---

REFERENCE FOR POINTS IN HEADNOTE
47 Am Jur 2d, Jury § 222 *et seq.*

Before: Danhof, P. J., and Holbrook and Bronson, JJ.

Per Curiam. The defendant was convicted by a jury following a three-day trial for the crimes of indecent liberties with a male minor[1] and gross indecency.[2] The court placed the defendant on probation for a period of five years. Defendant appeals as of right.

Defendant's first assignment of error relates to certain references made by the prosecutor in his opening and closing statements. It is defendant's contention that the statements, which revealed the manner by which the police were informed of the incident, were not factually established by the evidence presented. A review of the record discloses that the statements were based upon a fair inference from established fact. Furthermore, defendant has failed to convince this Court that the statements were of a prejudicial nature and contributed to an improper verdict. *People* v. *DeBeaulieu* (1944), 308 Mich 173, 175; *People* v. *Peck* (1907), 147 Mich 84, 95.

Defendant also contends that the trial court committed reversible error by failing to grant defendant a mistrial when a member of the jury, after the trial had commenced, informed the court that he knew the father of a *res gestae* witness.

An examination of the juror, conducted in chambers by the trial judge, revealed that the juror did not become aware of the relationship between the father and the *res gestae* witness until the juror recognized the father in court. The juror, responding to questions by the trial judge, stated that he was casually acquainted with the witness' father, but

---

[1] MCLA § 750.336 (Stat Ann 1954 Rev § 28.568).
[2] MCLA § 750.338 (Stat Ann 1954 Rev § 28.570).

that they had not seen each other in over three years. The juror stated that his acquaintance with the witness' father would not affect his ability to render an impartial verdict.

The defendant has failed to make a showing to this Court that actual prejudice resulted from the above-described situation. *People* v. *Nick* (1960), 360 Mich 219. See, generally, Anno: 11 ALR3d 859.

Judgment affirmed.