PEOPLE *v* ELBEY

1. CRIMINAL LAW—APPEAL AND ERROR—PRESERVING QUESTION—
DEFENDANT HANDCUFFED.

Defendant's allegation on appeal that the jury, during a view
of the scene of the charged homicide, saw him in handcuffs,
even if true, was not properly preserved for appeal where
defense counsel never requested that the jury be polled to
determine what in fact they saw, never requested a cautionary
instruction, never moved for a mistrial, and the record does
not show a miscarriage of justice (MCLA 769.26).

2. CRIMINAL LAW—JURY—DISCUSSION OF EVIDENCE—INTERROGATION
OF JURORS.

The trial court had no duty to interrogate the jurors when in-
formed that, during a view of the scene of the homicide
charged, one juror discussed the evidence with another juror;
it is the duty of the defendant to request an interrogation.

3. CRIMINAL LAW—JURY—DISCUSSION OF EVIDENCE—INSTRUCTIONS
TO JURY—DISCRETION.

Refusing to instruct the jury, as requested, that discussion of
the evidence among the jurors during a view of the scene of
the crime charged had come to the attention of the trial judge
was within the court's discretion and did not constitute error
where the court instructed the jury that they keep an open
mind until the trial was concluded.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 240.
[2] 53 Am Jur, Evidence §§ 448–451.
[3] 53 Am Jur, Trial §§ 448, 449.

Appeal from Recorder's Court of Detroit, Thomas L. Poindexter, J. Submitted Division 1 December 13, 1971, at Detroit. (Docket No. 9530.) Decided January 24, 1972.

Tery Elbey was convicted of manslaughter. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Gerard A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*Thomas J. Olejnik,* for defendant on appeal.

Before: HOLBROOK, P. J., and T. M. BURNS and DANHOF, JJ.

PER CURIAM. Defendant was charged with murder in the second degree in violation of MCLA 750-.317; MSA 28.549, and was convicted by a jury of manslaughter, MCLA 750.321; MSA 28.553. From that conviction, defendant appeals by right.

Defendant first contends that he was prejudiced when during a "view" of the scene of the homicide, the jury, while outside of the courtroom, was permitted to see the defendant while handcuffed.

The record does not indicate that the jury actually saw the defendant handcuffed, but only reveals allegations by defense counsel that the jury did see defendant handcuffed and that they were prevented by the officers in charge from observing the defendant again. However, even assuming that defendant

was seen wearing handcuffs by the jury, the issue was not properly preserved for appeal.

Defense counsel never requested that the jury be polled to determine what in fact they saw. Also, defense counsel never asked for a cautionary instruction to inform the jury that the use of handcuffs outside the courtroom is normal, nor did defendant move for a mistrial. These failures on the part of defense counsel are necessarily fatal to this issue on appeal. See *People* v *Shaw,* 7 Mich App 187 (1967). We will not, therefore, discuss the issue since our review of the entire record reveals that there has not been a miscarriage of justice. MCLA 769.26; MSA 28.1096.

Defendant next contends that he was prejudiced when during the "view", one juror discussed the evidence with another juror. Even assuming the truth of the contention, the trial court was under no duty to interrogate the jurors. The duty was upon the defendant to request an interrogation. Defendant did not, however, request such an interrogation but only requested that the jury be informed that their discussions had come to the attention of the trial judge and that they be instructed to keep an open mind until the trial was concluded. The trial court substantially complied with the latter part of defendant's request. Defense counsel must have been satisfied since he did not thereafter move for a mistrial. Failure of the trial judge to give the former part of the instruction must be deemed to fall within his discretion.

"The judge presiding throughout the trial and observing the occurrences in the courtroom and elsewhere was in a better position to determine the probability of any conduct on the part of jurors or others

prejudicial to the rights of the defendant than is this Court." *People* v *Nick,* 360 Mich 219, 224 (1960).

Defendant shows no prejudice.
Affirmed.