PEOPLE *v* GERARD

PEOPLE *v* FRAZIER

CRIMINAL LAW—JURORS—POLICE OFFICER'S MISCONDUCT.

Third person's affidavit, some three months after defendants'
convictions of breaking and entering, that he heard the
detective in charge of the investigation tell two prosecution
witnesses and the complainant, in the presence of several ju-
rors, that the witnesses would not be needed to testify fur-
ther because the "case was sewn up" and "looked pretty good
for the prosecution", did not constitute any ground for re-
versal, even assuming everything in the affidavit is true,
because the matters discussed by the detective with the wit-
nesses were totally collateral to the issues at trial.

Appeal from Recorder's Court of Detroit, Thomas
L. Poindexter, J.   Submitted Division 1 February 4,
1972, at Detroit.   (Docket No. 12312.)   Decided
March 29, 1972.   Leave to appeal denied, 388 Mich
811.

Joseph Gerard and Milton Frazier were convicted
of breaking and entering with intent to commit lar-
ceny.   Defendants appeal.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting   Attorney,   *Dominick   R.   Carnovale,*
Chief, Appellate Department, and *Thomas P. Smith,*
Assistant Prosecuting Attorney, for the people.

REFERENCE FOR POINTS IN HEADNOTE
47 Am Jur, Sheriffs, Police, and Constables § 37 *et seq.*

*Norman L. Lippitt* (by *Alfred H. Varga*), for defendants.

Before: BRONSON, P. J., and V. J. BRENNAN and O'HARA,* JJ.

PER CURIAM. Defendants were convicted in Detroit Recorder's Court by a jury of breaking and entering with intent to commit larceny, MCLA 750-.110; MSA 28.305. Defendants were sentenced to two years' probation and fined $150. They filed a motion for new trial which was denied. From this decision, defendants appeal as a matter of right.

Some three months after the defendants' convictions, one Ronald Boron, who is not otherwise identified, alleged that he had observed misconduct by Sergeant John Stroski, the detective in charge of this case. Ronald Boron executed an affidavit indicating that he heard Sergeant Stroski talking in the corridor outside the courtroom to a prosecution witness, his wife, and the owner of the gas station allegedly broken into by defendants. This alleged conversation, involving statements that the parties would not be needed to further testify because the "case was sewn up" and "looked pretty good for the prosecution", supposedly took place in the presence of several jurors. Defendants' motion for new trial was based upon this affidavit.

Assuming everything in the affidavit is true, there is no ground for reversal. The matters discussed were totally collateral to the issues at trial. No prejudice having been shown, defendants were not entitled to a new trial. *People* v *Nick,* 360 Mich 219 (1960); *People* v *Schram,* 378 Mich 145 (1966).

Affirmed.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.