# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

TERESA ANN DOBREFF,

        Defendant-Appellant.

UNPUBLISHED
December 18, 2014

No. 317846
Wayne Circuit Court
LC No. 13-003163-FC

Before: O'CONNELL, P.J., and BORRELLO and GLEICHER, JJ.

PER CURIAM.

A jury convicted defendant of assault with a dangerous weapon (felonious assault), MCL 750.82, and armed robbery, MCL 750.529, in connection with the robbery of her ex-girlfriend at knifepoint. Defendant contends that she was denied a fair trial because a juror fell asleep during the testimony and then misunderstood an instruction, but was not removed from the panel. She further contends that defense counsel was ineffective in failing to seek the juror's removal or to move for a mistrial. The record does not support that the juror actually fell asleep, missed any evidence at trial, or misunderstood any instruction of import. Accordingly, we affirm.

## I. RELEVANT PROCEDURAL BACKGROUND

Trial in this matter started at 10:17 a.m. on July 23, 2013. Shortly into the first witness's testimony, the court interrupted the prosecutor's direct examination to question an unidentified juror:

> Are you all right? Looks like you were closing your eyes for a few seconds. No, no, I'm not talking to you, I'm talking about - - are you okay? All right. If you need to take a break at any time, just let me know, okay? All right, thanks.

The trial was brief and the jury was excused after instructions by 3:20 p.m. At that time, the court asked Jurors 12 and 13 to remain in the courtroom to question whether they remained awake during trial:

> *The Court:* . . . [T]he reason I've asked you to stay out here is I thought I saw on a couple of occasions your eyes closing. Now, some people will close their eyes, they're not sleeping, but they're you know, they're resting their eyes

-1-

while they're listening. And the reason - - and I'm not here to criticize you if you did happen to nod off for a few minutes, but I just want to know for our record here, I'll start with you, [Juror 12], do you feel like you heard everything that went on during the trial?

*Juror Number Twelve:* Yes, I heard everything. You know, the only thing - - when I was doing this - - my sinuses was hurting - -

*The Court:* Okay. Because I saw that there were times when your eyes were closed. But, you were listening during all that time?

*Juror Number Twelve:* Yes, sir.

*The Court:* . . . And the same question for you, [Juror 13]. I noticed that you had your eyes closed for a period of time. Did you hear everything that was said?

*Juror Number Thirteen:* Yes, sir.

*The Court:* You did? No question in your mind, right?

*Juror Number Thirteen:* No.

*The Court:* Okay. I just want to make sure. And I don't mean to make you feel self conscious or single you out. I just want to make sure that you're comfortable that you heard everything, you're going to be able to make a decision based upon the evidence. You're comfortable with that, [Juror 12]?

*Juror Number Twelve:* Yes.

*The Court:* And you are, as well, [Juror 13]?

*Juror Number 13:* Yes.

The court then brought the remainder of the jury back into the courtroom and randomly selected two jurors to be excused as alternates. Neither Juror 12 nor 13 was excused.

The following day, the jury returned to the court to continue their deliberations. After the jury indicated that it had reached a verdict but before the jury was returned to the courtroom, defense counsel brought a concern to the court's attention:

[T]his was bothering me last night. I know we spoke briefly on the record yesterday about it. But, you know, I still have my concerns about jurors number 12 and 13, particularly number 13. . . . [A]fter we adjourned, I was speaking with Detective Culter, and he indicated to me that . . . when the Court instructed the jurors, hey, if you have any questions, write them down on this piece of paper. And actually, what she did in her awakeness and paying attention, she thought she

was supposed to sign it, instead of write down any questions. So, I'm just making a record for [defendant].

The court responded:

Yes. I don't know what to tell you, [defense counsel]. When we spoke with them, they both said that they heard everything, that they didn't fall asleep, that they were just closing their eyes. I'm not sure how much more we could do on that, but I appreciate your reason for making a record.

The jury was then recalled to the courtroom, only to discover that the jurors as a group had misunderstood that the verdict form included a greater offense with an *alternate* lesser offense. After a brief period of continued deliberation, the jury again returned to the courtroom and found defendant guilty as charged.

## II. ANALYSIS

On appeal, defendant challenges only the continued presence of Juror 13. Defendant contends that Juror 13's act of closing her eyes during trial, and her inability to follow instructions regarding the use of the jury-question paper, is evidence of juror misconduct. And this misconduct, defendant contends, deprived her of a fair trial. She further contends that her trial counsel was ineffective for not challenging the continued presence of this particular juror on the jury.

Defendant preserved neither of her challenges below. Although defendant "made a record" regarding her concerns with Juror 13, she failed to seek a new trial or move to remove the juror from the panel. See *People v Fetterley*, 229 Mich App 511, 544; 583 NW2d 199 (1998). In relation to defense counsel's performance, defendant did not request a new trial or a *Ginther*[1] hearing. *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009).

Generally, we review de novo constitutional questions, such as the denial of a fair trial based on juror misconduct. *People v Mahone*, 294 Mich App 208, 215; 816 NW2d 436 (2011). As the issue is unpreserved, however, our review is limited to plain error affecting defendant's substantial rights. *People v Musser*, 259 Mich App 215, 218; 673 NW2d 800 (2003). Our review of defendant's unpreserved ineffective assistance claim is limited to plain error on the existing record. *People v Riley (After Remand)*, 468 Mich 135, 139; 659 NW2d 611 (2003). And relief is warranted only if the defendant establishes that but for counsel's errors, the result of the proceedings would have differed. *People v Solmonson*, 261 Mich App 657, 663-664; 683 NW2d 761 (2004).

A criminal defendant has a constitutional right to be tried before a fair and impartial jury. *People v Budzyn*, 456 Mich 77, 88; 566 NW2d 229 (1997). Juror misconduct, even if established, does not automatically warrant a new trial. Rather, "[p]rejudice must be shown. . . .

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

-3-

A mere possibility of prejudice is insufficient." *People v Nicks*, 360 Mich 219, 227; 103 NW2d 435 (1960). "[T]he misconduct must be such as to affect the impartiality of the jury or disqualify them from exercising the powers of reason and judgment." *Id.* at 230 (quotation marks and citation omitted).

In *People v Dunigan*, 299 Mich App 579, 586; 831 NW2d 243 (2013), this Court considered a defendant's right to a new trial where a juror "had been observed to be sleeping." This Court held that "[t]he trial court properly admonished the juror," and noted, "there is no indication of what, if any, testimony the juror missed." *Id.* "More importantly," *Dunigan* continued, the "defendant fails to articulate how he was prejudiced," making only "the bare assertion that the juror could not fairly and competently consider the charges against him and therefore was not qualified to give a verdict." *Id.* Accordingly, there was no factual support for the defendant's challenge. *Id.* In relation to Mr. Dunigan's challenge to his counsel's failure to seek removal of the sleeping juror, this Court again found no error warranting relief. "[A]ssuming the juror missed any testimony, it would have been testimony from the prosecution's witnesses; defense counsel could reasonably have made a strategic decision to assume that the juror's missing that testimony would have helped the defense." *Id.* at 586-587.

The claim for relief in this case is even weaker than that in *Dunigan*. The record does not definitively establish that Juror 13 fell asleep during trial. The court directly asked the juror if she heard everything said during the trial and she answered affirmatively. Absent any indication that the juror missed even a moment of the testimony, we cannot conclude that Juror 13's continuation on the jury denied defendant a fair trial. Defense counsel was present during the court's questioning of Juror 13. His decision not to seek the juror's exclusion from deliberation was likely based on his assessment of the juror's credibility. The decision may also have been based in sound trial strategy, as suggested in *Dunigan*. Either way, we will not reconsider trial counsel's decisions with the benefit of hindsight. See *Payne*, 285 Mich App at 190.

We also discern no grounds for relief based on Juror 13's act of signing her name on a piece of paper intended for potential juror questions. This act evidences a minor misunderstanding on Juror 13's part that simply does not merit a new trial. Therefore, any request to remove the juror or for a new trial on defense counsel's part would have been futile. The failure to raise such futile requests does not render counsel's performance deficient. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010). The only case cited by defendant in this regard is *Franklin v Anderson*, 434 F3d 412 (CA 6, 2006). That case is inapposite and does not support defendant's claim for relief. In *Franklin*, the United States Court of Appeals for the Sixth Circuit found that defense counsel should have sought, and the trial court should have awarded, a new trial where a juror repeatedly "gave the definite impression that she could not faithfully apply the law concerning the burden of proof because she failed to understand it." *Id.* at 427. Specifically, even upon reinstruction by the judge, the juror indicated her belief that the defendant had to prove his innocence. *Id.* at 428. There is no suggestion that Juror 13 lacked an

-4-

accurate understanding of the burden of proof, the elements of the offenses, or any other matter affecting the verdict. As such, there is no support for defendant's appellate complaints.

We affirm.

/s/ Peter D. O'Connell
/s/ Stephen L. Borrello
/s/ Elizabeth L. Gleicher